**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER COOPER, | No. 11-17957 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00640-RJC-VPC |
| v. | |
| STATE OF NEVADA, ex rel. its Department of Transportation; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief District Judge, Presiding

Argued and Submitted November 7, 2013
San Francisco, California

Before: FARRIS, BLACK**, and IKUTA, Circuit Judges.

Jennifer Cooper appeals the district court's grant of partial judgment as a

matter of law as well as the jury's verdict in favor of Defendants-Appellees the

State of Nevada, and Susan Martinovich, Dennis Taylor, and Coy Peacock, in their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

official capacities, in her action alleging retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a). Specifically, she contends the district court (1) abused its discretion in failing to admit a November 6, 2007, Investigative Report prepared by Janet Cleaves (the Report); (2) erred in granting judgment as a matter of law on her claim that Peacock retaliated against her by creating a hostile work environment and reducing her work assignments and training; and (3) abused its discretion in declining to give an impeachment jury instruction. Cooper also contends these alleged errors support reversal of the jury's verdict and remand to a different district court judge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

Assuming, *arguendo*, the district court abused its discretion in failing to admit the Report, Cooper is unable to show prejudice from the exclusion. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003). The witnesses cited in the Report were available to Cooper for deposition, and seven of the ten witnesses were, in fact, deposed and testified at trial. Additionally, the author of the Report, Cleaves, testified at trial. Thus, to the extent the Report should have been admitted, the error did not taint the jury's verdict. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

The district court did not err in granting judgment as a matter of law to the Defendants-Appellees on Cooper's retaliation claim based on the creation of a hostile work environment. The evidence presented at trial was insufficient to create a genuine issue of material fact as to the creation of a hostile work environment in retaliation for Cooper's complaint against Peacock. *Cf. Ray v. Henderson*, 217 F.3d 1234, 1245-46 (9th Cir. 2000).

The district court erred, however, in granting judgment as a matter of law regarding Peacock's role in retaliating against Cooper by reducing her work assignments and training. The district court's determination that Peacock could have played no role in Cooper's reduced work assignments and training is not supported by the evidence presented at trial. Peacock was made Cooper's supervisor one week after her March 8, 2007, oral complaint regarding his behavior, for which he was verbally reprimanded. Peacock was Cooper's supervisor between March 15, 2007, and July 2007. As Peacock was her supervisor and was therefore responsible for her work assignments for three and a half months, a reasonable juror could infer that he stopped Cooper's training and reduced her tasks during that time in retaliation for her oral complaint against him. For an action to be retaliatory, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in [the

3

retaliation] context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotations omitted). "A motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005). We conclude a reasonable juror could find that a reasonable employee would have found the denial of meaningful work assignments and training materially adverse, and that this adverse action might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Thus, we reverse and remand for further proceedings on this issue.

The district court, however, did not abuse its discretion in rejecting the proposed impeachment jury instruction. Because "[t]he relevant inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations," *United States v. Johnson*, 680 F.3d 1140, 1147 (9th Cir. 2012) (quotations omitted), and the jury instructions directed the jury to be cautious in evaluating witness credibility, the instructions were adequate.

Additionally, the jury's verdict was supported by substantial evidence. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 955 (9th Cir. 2011). Further, there is no showing of personal bias or unusual circumstances to

4

support remand to a different district court judge. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1023 (9th Cir. 2005).

Accordingly, we reverse and remand for further proceedings on Cooper's claim that Peacock's actions in denying her meaningful work assignments from March 15 to July 2007 was in retaliation for her oral complaint. As to all other issues, we affirm the district court. Each party shall bear their own costs on appeal. G.O.4.5.e.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.